# In the United States Court of Federal Claims

No. 19-1303C
Filed: October 22, 2019

```
* * * * * * * * * * * * * * * * * *  *
                                      *
WALTER ALLEN,                         *
                                      *
                Plaintiff,            *
                                      *
v.                                    *  Pro Se Plaintiff; Subject-Matter
                                      *  Jurisdiction; Frivolous Complaint;
UNITED STATES,                        *  Sanctions.
                                      *
                Defendant.            *
                                      *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

**Walter Allen**, pro se, Brooklyn, NY.

**Sosun Bae**, Attorney of Record, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her was **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, Civil Division, and **Joseph H. Hunt**, Assistant Attorney General, Commercial Litigation Branch, Civil Division.

## ORDER

**HORN, J.**

On August 27, 2019, pro se plaintiff Walter Allen filed a handwritten complaint in the United States Court of Federal Claims. Plaintiff's writing is difficult to decipher and his allegations are difficult to follow, but it appears that in his complaint before this court, plaintiff is alleging that two of his applications to change his federal income tax withholding amounts were not acted upon by the New York City Employees' Retirement System (NYCERS). Plaintiff begins his complaint: "All Related to unlimited Jurisdiction with = Distribution for me-plaintiff and Authorities. Plused unlimited court hearings and my cAse heard."[1] Plaintiff attached to his complaint two NYCERS Federal Income Tax Withholding Change applications (Form F-349), the first dated December 12, 2015 and the second dated May 3, 2016. On each application, plaintiff handwrote a request to withhold

---

[1] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Order are as they originally appear in plaintiff's submissions to this court.

"$900,000,000,000,000.00 *nine hundred trillions dollars*'" of federal income tax from his pension payments under part 4 "ADDITIONAL AMOUNT TO WITHHOLD PER MONTH." Plaintiff submitted two typed letters on letterhead with the NYCERS name, dated December 17, 2015 and May 5, 2016 respectively, which stated that plaintiff's applications had been "successfully processed." Plaintiff states in his complaint that he sent "Email complaints" that were "Approved" with a "CASEWORK # 904009." Plaintiff does not state to whom the "Email complaints" were sent and no email correspondence or evidence of further correspondence was submitted to this court with plaintiff's complaint. Moreover, it is not clear from the plaintiff's complaint, or the documents submitted with the complaint, what documents were "Approved" or the meaning of "successfully processed" as used by the NYCERS in the letters attached to plaintiff's complaint. Plaintiff requests from this court that the amount listed in part 4 of his Form F-349 applications, nine hundred trillion dollars, "be Approved claimed," as well as "one hundred million zillion dollars" awarded to him for what the court can decipher from plaintiff's handwriting is alleged to be "True Complaint Info." Plaintiff also requests from the court that "All Employees Involved with Ignoring Section (4) Amt. Terminated for discourtesy and discredit while performing his/her duties."

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only.").[2] Hale v. United States,

---

[2] Several recent, though unpublished, cases in the United States Court of Appeals for the Federal Circuit have cited Kelley v. Secretary, U.S. Dep't of Labor for the proposition

143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White

---

that pro se litigants are not relieved of the requirement to prove that their claims fall within the jurisdiction of the court. 812 F.2d 1378, 1380 (Fed. Cir. 1987). See Curry v. United States, No. 2019-1486, 2019 WL 4927020, at *2 (Fed. Cir. Oct. 7, 2019); Rojas-Vega v. United States, No. 2019-1475, 2019 WL 3731313, at *2, n. 3 (Fed. Cir. Aug. 8, 2019); Stekelman v. United States, 752 F. App'x 1008, 1010 (Fed. Cir. 2018).

Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief

must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d at 1173 (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2019); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Even a liberal construction of plaintiff's allegations that the NYCERS has wrongfully ignored his Form F-349 applications and that this court has jurisdiction to grant him unlimited hearings, order approval of his applications by the NYCERS, order the termination of the NYCERS' employees, and grant him damages of "the amt. I wrote in section (4) 900,000.000.000.000.00 $ (nine hundred Trillion dollars)" as well as "one hundred million zillion dollars" is entirely unavailing. Plaintiff has failed to make a plausible "short and plain statement of the grounds for the court's jurisdiction," and his statements

5

do not rise to allegations of coherent issues which fall within the jurisdiction of this court. In fact, plaintiff's complaint makes no mention of any statute or other basis for granting relief. Plaintiff simply states: "I respectfully submit this complaint Related to (2) federal Income Tax withholding change form 349 (Applications)," lists the date he alleges each application was filed and processed by the NYCERS, and, without further explanation, requests the relief previously mentioned. As noted above, a pro se plaintiff's complaint is afforded some degree of leniency by the court. Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (finding that allegations of a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers . . . ."); see also Hughes v. Rowe, 449 U.S. at 9. However, "such leniency . . . 'does not relieve the burden to meet jurisdictional requirements.'" Harris v. United States, 113 Fed. Cl. at 292 (quoting Minehan v. United States, 75 Fed. Cl. at 253). As discussed below, plaintiff's brief statement of grievances against the NYCERS and its employees does not fall within the court's jurisdiction and, therefore, must be dismissed. See Hopi Tribe v. United States, 782 F.3d 662, 671 (Fed. Cir. 2015) (Finding that because plaintiff failed to state a claim within the jurisdiction of the Court of Federal Claims, dismissal of the suit was proper.).

Addressing individual jurisdictional defects raised by plaintiff's complaint, although the United States is the named defendant, the complaint does not mention or implicate the United States government. Plaintiff's allegation of inaction is specifically directed at the NYCERS, a state agency created by and acting pursuant to New York's Retirement and Social Security Law, and the NYCERS' employees. See N.Y. Retire. & Soc. Sec. Law § 10 (McKinney 2019). It is well established that this court lacks jurisdiction to hear claims against state agencies or individuals. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Weir v. United States, 141 Fed. Cl. 169, 177 (2018) ("[T]his court lacks jurisdiction 'over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees.'" (quoting Anderson v. United States, 117 Fed. Cl. 330, 331 (2014))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials." (citing United States v. Sherwood, 312 U.S. at 588)); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014); Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998).[3] Therefore, the court controls that this court lacks subject matter jurisdiction

---

[3] Although also in unpublished opinions, the United States Court of Appeals for the Federal Circuit has held that under the Tucker Act, the United States Court of Federal Claims does not have jurisdiction over individuals or state agencies as defendants. See Jaye v. United States, No. 2019-1458, 2019 WL 3564174, at *3 (Fed. Cir. Aug. 6, 2019) ("To the extent [plaintiff's] complaint seeks relief against defendants other than the United States, including state officials, state agencies, and other individuals, the Court of Federal Claims lacks jurisdiction over those claims." (citing Smith v. United States, 99 Fed. Cl. 581, 583 (2011))); Conner v. United States, 641 F. App'x 972, 975 (Fed. Cir. 2016) ("Under the Tucker Act, 'if the relief sought is against others than the United

over plaintiff's claims against the New York state agency, the NYCERS, and such claims must be dismissed.

The court also notes that in addition to "100,000.000.000.000.000.00.$ one hundred million zillion dollars for True Complaint Info . . .," plaintiff seeks "unlimited court hearings . . . [and] the amt. I wrote in section (4) 900,000.000.000.000.00. $ (nine hundred trillion dollars) be Approved claimed . . . . Plused All Employees Involved with Ignoring Section (4) Amt. Terminated for discourtesy and discredit while performing his/her duties." Inherent in every court is the power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Therefore, trial judges are given broad discretion to control and manage their dockets, including with respect to procedural matters. See, e.g., Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (citing Nolan v. de Baca, 603 F.2d 810, 812 (10th Cir. 1979), cert. denied, 446 U.S. 956 (1980)); Nutrinova Nutrition Specialties and Food Ingredients GMBH v. Int'l Trade Comm'n, 224 F.3d 1356, 1360 (Fed. Cir. 2000); Remote Diagnostic Techs. LLC v. United States, 133 Fed. Cl. 198, 203 (2017). "[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Cmty. Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988); see also Toquero v. I.N.S., 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("It is well-settled that oral argument is not necessary to satisfy due process."); Lake at Las Vegas Inv'rs Grp. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir.) (affirming and discussing the court's interpretation of a local District Court rule, finding no prejudicial error based on the denial of oral argument in a summary judgment motion because the party "had the opportunity to apprise the district court of any arguments it believed supported its position"), reh'g denied (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992); Young v. United States, 94 Fed. Cl. 671, 675 (2010) ("There is no blanket due process right to oral argument." (citing FCC v. WJR, The Goodwill Station, 337 U.S. 265, 276 (1949)). Therefore, a trial court is not required to hold a hearing, but may do so if the court believes the hearing would assist the court to resolve the case. The decision of whether or not to hold oral argument is made in each case, based on the filings and issues raised in that particular case. After reviewing the allegations in the complaint filed by plaintiff, the court finds no reason to hold even one hearing, let alone the "unlimited court hearings" plaintiff seeks, because as discussed above, the court lacks jurisdiction over plaintiff's claims.

Finally, the court notes that plaintiff Walter Allen has filed nine other complaints with this court alone since May 23, 2019. See Allen v. United States, Case Nos. 19-1305C, 19-1304C, 19-1302C, 19-1272C, 19-1260C, 19-1171C, 19-1151C, 19-1123C, and 19-791C. To date, three of these complaints are still pending, and six have been dismissed for lack of subject matter jurisdiction. See Allen v. United States, Case No. 19-1305C (Fed. Cl. Sept. 11, 2019) (finding the court lacked subject matter jurisdiction to

---

States the suit as to them must be ignored as beyond the jurisdiction of the [Court of Federal Claims].'" (quoting United States v. Sherwood, 312 U.S. at 588)); see also May v. United States, 534 F. App'x 930, 934 (Fed. Cir. 2013); Powell v. United States, 151 F. App'x 938, 940 (2005).

hear plaintiff's unjust conviction and imprisonment claim when his complaint failed to mention conviction for a federal crime and that such a conviction had been reversed or set aside); Allen v. United States, Case No. 19-1272C (Fed. Cl. Sept. 11, 2019) (finding no subject matter jurisdiction over the plaintiff's verbal domestic violence claims where there was "no comprehensible claim for monetary damages against the United States"); Allen v. United States, Case No. 19-1302C, 2019 WL 4271999 (Fed. Cl. Sept. 10, 2019) (finding that plaintiff failed to identify any federal statutes or money-mandating constitutional violations in his complaint alleging discrimination by the United States Department of Health and Human Services); Allen v. United States, Case No. 19-1260C, 2019 WL 4054018 (Fed. Cl. Aug. 28, 2019) (finding no claim made against the United States under any money-mandating statute that would give the court jurisdiction to hear plaintiff's domestic dispute claim); Allen v. United States, Case No. 19-1151C, 2019 WL 4054011 (Fed. Cl. Aug. 27, 2019) (finding the court lacked subject matter jurisdiction to hear plaintiff's claim alleging discrimination and violation of access to public services by the New York City Metropolitan Transportation Authority); Allen v. United States, Case No. 19-791C, 2019 WL 2613171 (Fed. Cl. June 5, 2019) (finding the court lacked subject matter jurisdiction to hear plaintiff's complaint requesting money damages and injunctive relief for allegedly wrongful denial of his application for disability retirement by NYCERS), appeal filed (Fed. Cir. June 6, 2019).

Finally, Rule 11 of the Rules of The United States Court of Federal Claims (RCFC) 2019 requires that, by filing a complaint in this court, the plaintiff represents that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for the establishment of new law." RCFC 11(b)(3) (2019). RCFC 11 provides that the court may "impose sanctions on parties who file frivolous lawsuits with no basis in fact or law." Kissi v. United States, 102 Fed. Cl. 31, 36 (2011), aff'd, 493 F. App'x 57 (Fed. Cir. 2012).[4] RCFC 11 states that sanctions should be limited to what is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and permits the imposition of nonmonetary sanctions.

In an order filed recently on September 11, 2019 in Allen v. United States, Case No. 19-1305C (Fed. Cl. Sept. 11, 2019), Judge Campbell-Smith of this court issued an anti-filing injunction barring the plaintiff, Walter Allen, from filing any new complaints with this court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims "[b]ecause plaintiff has repetitively filed complaints which needlessly consume the resources of the court . . . ." Allen v. United States, Case No. 19-1305C (Fed. Cl. Sept. 11, 2019). As in Judge Campbell-Smith's case, this court finds no plausible or colorable claim within its jurisdiction in the case currently before this court, Case No. 19-1303C. Moreover, plaintiff's request for "the amt. I wrote in section (4) 900,000.000.000.000.00 $ (nine hundred Trillion dollars)" as well as "one hundred million

---

[4] Although in an unpublished opinion, the United States Court of Appeals for the Federal Circuit has recently affirmed the imposition of sanctions on pro se parties who file frivolous claims. See O'Diah v. United States, 722 F. App'x 1001, 1004 (Fed. Cir. 2018) ("[W]e have previously imposed anti-filing sanctions where a pro se litigant has engaged in repeated and frivolous lawsuits.").

zillion dollars" is unreasonable on its face. This court agrees that based on plaintiff's litigation history and review of the case currently before this court, the appropriate sanction is to bar plaintiff from filing any future complaints without first obtaining leave to file from the Chief Judge of the United States Court of Federal Claims. This court, therefore, instructs the Clerk of the Court to strictly enforce this policy and require the referral of any cases filed by Mr. Walter Allen to the Chief Judge before any future cases submitted by him are filed and placed on the docket of this court. See Bergman v. Dep't of Comm., 3 F.3d 432, 435 (Fed. Cir. 1993) (barring the filing of future appeals by plaintiff without judicial review and approval of the appeal after referral to a judge for screening); Leffebre v. United States, 129 Fed. Cl. 48, 55 (2016) ("The Clerk is further directed to accept no other actions or filings by [plaintiff] without an order from the Chief Judge of the United States Court of Federal Claims."); Aldridge v. United States, 67 Fed. Cl. 113, 124 (2005) ("Plaintiff is further ORDERED to cease filing any further action related to Plaintiff's eviction from the Property in the United States Court of Federal Claims. The Clerk of the Court is directed to accept no filing from Plaintiff, without an Order of the court approving the filing.") (emphasis in original); Hornback v. United States, 62 Fed. Cl. 1, 6 (2004) ("To prevent abuse of the judicial process by plaintiff," the court barred future filings by plaintiff "absent advance written permission by a judge of this court."), aff'd, 405 F.3d 999 (Fed. Cir.), reh'g en banc denied (2005); Anderson v. United States, 46 Fed. Cl. 725, 731 (2000) ("The clerk of the court is further directed not to file any pleadings or documents of any kind, submitted by plaintiff in this court, without the advance written permission of a judge from this court."), aff'd, 4 F. App'x 871 (Fed. Cir.), cert. dismissed, 533 U.S. 926, reconsid. denied, 534 U.S. 809 (2001).

## CONCLUSION

For the reasons discussed above, plaintiff's complaint is **DISMISSED**, with prejudice, for lack of subject matter jurisdiction. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order dismissing plaintiff's complaint and is further directed to accept no future filings from this plaintiff without first obtaining leave from the Chief Judge of the United States Court of Federal Claims.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**